Edward S. ROBINSON, Jr., Plaintiff,

v.

John H. DALTON, Secretary
of the Navy, Defendant.

No. Civ.A. 98–0467 (JR).

United States District Court,
District of Columbia.

Dec. 16, 1998.

Eugene R. Fidell, David P. Sheldon, Joseph E. Cazenavette, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for plaintiff.

Brian J. Sonfield, Assistant U.S. Attorney, Washington, DC, for defendant.

Guy J. Ferrante, King & Everhard, P.C., Falls Church, VA, David F. Addlestone, Barton F. Stichman, National Veterans Legal Services Program, Washington, DC, for amici.

## MEMORANDUM

ROBERTSON, District Judge.

Plaintiff is a retired U.S. Navy Officer who is aggrieved by the Navy's refusal to reconsider the denial of his petition to the Board for the Correction of Naval Records ("BCNR") to remove a sixteen-year old letter of reprimand from his record. In this action, he seeks review of that refusal pursuant to 10 U.S.C. § 1552 and a declaration that the basis for the Navy's decision, JAG Manual § 0107a(2), is contrary to law. Before the Court are plaintiff's motion for summary judgment and class certification and the Navy's motion to dismiss the action as time-barred. This memorandum sets forth the reasons for the accompanying order, which denies the Navy's motion to dismiss, denies Robin-

son's motion for class certification, denies Robinson's motion for summary judgment, and remands Robinson's claim for further proceedings.

*Background*

Edward S. Robinson, Jr. was the commanding officer of the USS GRAYBACK when five Navy divers were killed aboard on January 16, 1982, during a training exercise. An official investigation found Robinson responsible for deficiencies aboard the GRAYBACK, but not for the accident. Commander SEVENTH Fleet then issued Robinson a letter of reprimand, as non-judicial punishment ("NJP") under Article 15(a) of the Uniform Code of Military Justice ("UCMJ"). 10 U.S.C. § 815(a). The letter of reprimand was dated February 15, 1982, but not "imposed," for Art. 15(a) purposes, until it was delivered to Robinson on March 10, 1982. JAG Manual § 0101e(3) (corresponding in substance to current JAG Manual § 0113c). By then, Robinson had been transferred to temporary shore duty upon the recommendation of Commander SEVENTH Fleet that he be detached from command of GRAYBACK.

Robinson appealed his NJP on the ground that he had been denied his right to a court-martial in lieu of NJP by operation of the Navy's overbroad interpretation of the so-called "vessel exception." [1] The appeal did not challenge the vessel exception itself but disputed the legality of JAG Manual § 0101a(3)(b) (corresponding in substance to current JAG Manual § 0107a(2)), pursuant to which Robinson was deemed to be "attached" to the GRAYBACK even though he had actually been assigned to shore duty. Robinson's appeal was rejected on the ground that his assignment to shore duty was temporary and that he was still "of the command" when the NJP was imposed on him.

Since 1984, when the rejection of his appeal was affirmed by the Secretary of the Navy, Robinson has filed four petitions with the BCNR. BCNR made a favorable recommendation upon the first one, to remove the letter of reprimand from his record, but the Assistant Secretary of the Navy for Manpower and Reserve Affairs ("ASN") denied it.

Robinson's second BCNR application, filed on October 1, 1990, addressed the omission of his name from the Navy's promotion list. BCNR again made a favorable recommendation, and, on April 15, 1991, ASN approved. Robinson's record was charged to reflect his promotion to Commander effective June 1, 1983 and his voluntary retirement on July 1, 1988. ASN's ruling did not directly address removal of the letter of reprimand but noted that Robinson's record would "continue to reflect his accountability for the maintenance, supervisory, administrative, and training deficiencies found to exist aboard the USS GRAYBACK at the time of the accident."

Robinson filed his third BCNR application on November 14, 1991, alleging new evidence about the true cause of the GRAYBACK accident and again requesting removal of the letter of reprimand. BCNR once again recommended that ASN grant Robinson's petition, and, on February 7, 1995, ASN once again denied it. Neither the petition nor the ASN ruling addressed the vessel exception.

The United States Court of Appeals for the Armed Forces issued its decision in the *Edwards* case on February 28, 1997. The Court of Appeals held for the first time that the term "attached to or embarked in a vessel" had the same meaning in Article 15(a) as in Article 15(b)(2)(A), *Edwards*, 46 M.J. at 43. The decision opened up the vessel exception for new legal analysis. On May 9, 1997, after and

---

1. "[E]xcept in the case of a member attached to or embarked in a vessel, punishment may not be imposed upon any member of the armed forces under this article if the member has, before the imposition of such punishment, demanded trial be court-martial in lieu of such punishment." UCMJ Art. 15(a).

in light of *Edwards,* Robinson filed his fourth petition to BCNR. That petition was styled "Request for Further Consideration," pursuant to BCNR's regulation:

§ *723.9 Reconsideration.* After final adjudication, further consideration will be granted only upon presentation by the applicant of new and material evidence or other matter not previously considered by the Board. New evidence is defined as evidence not previously considered by the Board and not reasonably available to the applicant at the time of the previous application. Evidence is material if it is likely to have a substantial effect on the outcome. All requests for further consideration will be initially screened by the Executive Director of the Board to determine whether new and material evidence or other matter (including, but not limited to, any factual allegations or arguments why the relief should be granted) has been submitted by the applicant. If such evidence or other matter has been submitted, the request shall be forwarded to the Board for a decision. If no such evidence or other matter has been submitted, the applicant will be informed that his/her request was not considered by the Board because it did not contain new and material evidence or other matter.

32 C.F.R. § 723.9 (1997). The Executive Director of BCNR screened Robinson's request on May 22, 1997, and determined that it offered a new argument. Instead of forwarding the request to the full Board, however, the Executive Director recommended to ASN that he review the request "in light of the new argument" advanced by Robinson. *See* Pl.'s Oppos. Mot. to Dismiss at 5 n. 3 & App. 1, A.R. II at 4 ¶¶ 3–4 (W. Dean Pfeiffer Mem., May 22, 1997). ASN denied the request for reconsideration in a two-page memorandum dated October 3, 1997. The memorandum analyzed the *Edwards* decision and concluded that it was "not dispositive of the legality of the nonjudicial punishment in CDR Robinson's case." Pl.'s Mot.

for Summ. J., Ex. M (Bernard Rostker Mem., Oct. 3, 1997).

Plaintiff commenced this action on February 23, 1998.

*Analysis*

■ A military service Secretary's correction-board decisions are subject to review under § 706 of the Administrative Procedures Act, 5 U.S.C. § 706. *Chappell v. Wallace,* 462 U.S. 296, 303, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Frizelle v. Slater,* 111 F.3d 172, 176 (D.C.Cir.1997); *Dickson v. Secretary of Defense,* 68 F.3d 1396, 1404 (D.C.Cir.1995); *Kreis v. Secretary of the Air Force,* 866 F.2d 1508, 1513–14 (D.C.Cir.1989). The denial of Robinson's petition will be set aside if it was "arbitrary and capricious, contrary to law, or unsupported by substantial evidence." 5 U.S.C. § 706. *See Frizelle,* 111 F.3d at 177; *Dickson,* 68 F.3d at 1402. Before applying that standard to the administrative record, however, it is necessary to consider the Navy's contention that Robinson's suit is barred by the six-year limitation of civil actions against the United States, 28 U.S.C. § 2401(a).

■ The timeliness issue turns on whether the Navy's refusal of Robinson's request for reconsideration, on October 3, 1997, gave rise to a new cause of action. The Navy takes the position that ASN's denial of Robinson's request was not a new final order subject to judicial review—that it did not reopen the proceedings and start the running of a new limitations period—because the Navy did not alter its original decision and did not clearly state or otherwise demonstrate that it had reopened the proceeding. *See Sendra Corp. v. Magaw,* 111 F.3d 162, 167 (D.C.Cir.1997). The record refutes this position. ASN's memorandum provides analysis of the *Edwards* opinion and considers its application to the facts of Robinson's case. The memorandum "clearly ... demonstrates" that ASN did consider the merits of Robinson's argument, thereby reopening Robinson's case to the extent of the consideration. *Na-*

tional Rifle Association of America v. FEC, 854 F.2d 1330, 1336 (D.C.Cir.1988); Poulin v. Bowen, 817 F.2d 865, 869 (D.C.Cir.1987). This action was therefore timely filed.

■ The merits question presented by Robinson's claim is whether ASN's decision, that Edwards was "not dispositive of the legality of the nonjudicial punishment in CDR Robinson's case," Pl.'s Mot. for Summ. J., Ex. M, was arbitrary and capricious, contrary to law, or unsupported by substantial evidence.[2]

ASN's decision does not inspire confidence. It ignores the actual holding of Edwards [3] and identifies distinctions between the Edwards case and this one that are meaningless.[4] More importantly to the judicial review function allocated to this Court, ASN's decision fails to respond to important arguments advanced by Robinson.

Robinson points out that the Edwards decision limits the vessel exception to situations where "service members were aboard a vessel, in the vicinity and in the process of boarding, or attached to vessels and absent without authority in foreign ports." 46 M.J. at 45. He then argues, compellingly, that, when his NJP was imposed, "he was not aboard a vessel, he was not in the process of boarding, and (although Grayback was in Subic Bay, a foreign port) he was not absent without leave. In addition, Grayback was neither at sea nor about to get underway." Pl.'s Mot. for Summ. J., Ex. K at 5 (Request for Further Consideration, May 9, 1997). ASN did not respond to that argument, "which do[es]

not appear frivolous on [its] face and could affect the Board's ultimate decision," Frizelle, supra, 111 F.3d at 177. That failure renders the ASN decision arbitrary, and requires a remand for a more fully reasoned explanation of the Navy's decision. Id.

A second, separate basis for the attached remand order is that the Navy's handling of Robinson's request for further consideration violated BCNR's published procedural rules. Once the Executive Director determined that Robinson's petition contained new evidence or other matter not previously submitted, he was required by those rules to forward the petition "to the Board for a decision." 32 C.F.R. § 723.9. His failure to do so was "they type of prejudicial procedural disfunction that warrants overturning agency decisions." Blassingame v. Sec'y of the Navy, 866 F.2d 556, 559 (2d Cir.1989) (citing Service v. Dulles, 354 U.S. 363, 388, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957) and Neal v. Sec'y of the Navy, 639 F.2d 1029, 1035–36 (3d Cir.1981)).

It is not necessary to reach Robinson's argument that JAG Manual § 0107(a)(2) is contrary to the law announced in Edwards. That issue may be mooted, at least for purposes of this claim, upon remand.

■ Robinson's motion to certify a plaintiff class will be denied. At this stage, Robinson does not appear to be a suitable class representative, because his claim—that of an officer detached from command and transferred to temporary shore duty — does not appear to be typical

---

2. The Navy does not argue that Edwards has only prospective effect, and indeed ASN's consideration of whether Edwards is "dispositive" implies agreement that it has retrospective effect.

3. ASN correctly described the result of the Edwards case, which was that the operational status of a naval vessel was a relevant factor in the case before it. But ASN neither acknowledged nor applied the express holding of the case, which was that the words "attached to or embarked in a vessel" have the

same meaning in UCMJ Art. 15(a) as in Art. 15(b)(2)(A). Edwards, 46 M.J. at 43.

4. ASN focuses on where the offense occurred (rather than on where the NJP was imposed); on the Edwards court's refusal to engage in direct review of NJP proceedings (Robinson does not seek direct review of the proceedings); and on the fact that two federal courts have upheld the legality of the vessel exception (Robinson does not challenge the legality of the vessel exception).

of the claims of the putative class. The denial will be without prejudice.